UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DALLAS P. BREWER,                                           Civil No. 14-1413 (PAM/LIB)

        Petitioner,

    v.                                                         **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.   BACKGROUND

In February 2005, Petitioner was indicted in the United States District Court for the District of North Dakota.[2] In May 2005, he entered into a plea agreement, and pled guilty

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

[2] The trial court docket sheet for Petitioner's federal criminal case in the District of North Dakota, (United States v. Brewer, No. 3:05-CR-35), is accessible to this Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is

to a single count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846(a)(6).   In November 2006, Petitioner was sentenced to fifteen years in federal prison.  He is presently serving his sentence at the Federal Prison Camp in Duluth, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, contending that the trial court had committed various sentencing errors.  (Petition, [Docket No. 1], p. 3, § 7.)  However, the Eighth Circuit Court of Appeals dismissed Petitioner's appeal, and affirmed his conviction and sentence, in March 2007.  (Id.)

More than six years later, (July 2013), Petitioner filed a motion in the trial court seeking relief under 28 U.S.C. § 2255.  Petitioner's § 2255 motion challenged his sentence on several grounds.  However, the trial court found that Petitioner's § 2255 motion was barred by the one-year statute of limitations that applies to such motions.  See 28 U.S.C. § 2255(f).[3]  Petitioner was not granted a Certificate of Appealability following the denial of his § 2255 motion.  See 28 U.S.C. § 2253(c).

In the present § 2241 habeas corpus case, Petitioner is once again attempting to challenge the fifteen-year sentence that was imposed in his North Dakota federal criminal

---

maintained by the federal courts.

[3]  The trial court also noted that:

"Brewer's 15 year sentence is a remarkably light sentence for a person facing a mandatory minimum life sentence in this district," and "even if Brewer's motion was not time-barred, he has no claim that could afford him the relief sought."

United States v. Brewer, No. 3:05-CR-35, (D.N.D. 2013), (Order dated October 31, 2013, [Docket No. 97], p. 6).  (See n. 2, supra.)

case.  Petitioner claims that (1) his "criminal history category and base offense level were severely inflated," (2) he was "eligible for added benefits" under the federal sentencing guidelines, (3) the "United States recommended a two-level downward adjustment for Acceptance of Responsibility and an additional one-level adjustment for timely notifying the government of his intention to enter a guilty plea," and (4) he was "denied substantive due process when not all aspects of [the] plea agreement were made known by former counsel."  (Petition, pp. 7-9, § 13.)  Based on these listed claims, Petitioner is asking the Court to conduct a "complete review of [his] sentence."  (Id., p. 9, § 14.)

For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot be brought in a § 2241 habeas corpus petition.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and

not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the fifteen-year sentence imposed in his federal criminal case in the District of North Dakota. He claims that his sentence should be revisited because of several alleged errors during the sentencing process.  Because Petitioner is directly challenging the validity of the sentence imposed by the trial court, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there.  However, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the

apposite Circuit Court of Appeals.   28 U.S.C. §§ 2244(b)(3) and 2255(h).   Petitioner apparently does not have a preauthorization order from the Eighth Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer this matter to the District in which Petitioner was convicted and sentenced.   Furthermore, it clearly appears that any new application for relief under § 2255 would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f).   For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Moreover, it clearly appears that Petitioner has deliberately attempted to bring his current claims in a § 2241 habeas corpus petition, because he knows he is barred from seeking relief under § 2255.   Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, because he is not presently eligible for relief under § 2255 due to the procedural restrictions that apply to § 2255 motions.   That reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.   Congress could not have intended for the rules governing successive § 2255 motions, and the § 2255 statute of limitations, to be so easily evaded.   Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will <u>not</u> be viewed as inadequate or ineffective "merely because § 2255 relief has already

5

been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in a timely § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to seek relief under § 2255 in a timely manner. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had prior opportunities to raise his arguments before the sentencing court).

6

As the Court of Appeals pointed out in <u>Abdullah</u> –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

In this case, Petitioner has had an adequate procedural opportunity to raise his current claims for relief, and he is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the sentence imposed following his 2005 federal criminal conviction in the District of North Dakota; (2) such challenges can be raised only in a § 2255 motion filed in the trial court, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under the rules restricting second or successive § 2255 motions, and by the one-year statute of statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, (in a <u>timely</u> § 2255 motion), he cannot bring those claims in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be

summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be denied as moot.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**; and

3.  This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: May 9, 2014

 s/Leo I. Brisbois_____
LEO I. BRISBOIS
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 23, 2014**,

a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.